## LOUISIANA CENTRAL LUMBER CO. v. CORNWELL et al.\*

### No. 4852.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 5, 1934.

Thompson & Thompson, of Monroe, for appellant.

A. D. Flowers, of Jena, for appellees.

TALIAFERRO, Judge.

Plaintiff asserts ownership of, and caused to be sequestered, some 1,200 pine boards in defendants' possession, which, it is alleged, were manufactured by defendants from a tree illegally cut and removed by them from land owned by plaintiff in Catahoula parish, on or about March 1, 1933. Defendants deny the allegations of the petition, and aver that the boards sequestered were made by them in July, 1932, but not from a tree or trees belonging to plaintiff. Plaintiff's demands were rejected by the lower court, and this appeal is prosecuted by it therefrom.

Defendants lived about one and one-half miles by wagon route from the tree from which plaintiff contends the boards were made. Plaintiff's timber inspector, Mr. Frank Kees, testified that he regularly made tours of inspection of plaintiff's timber in and about the vicinity of defendants' farm, and that prior to January 15, 1933, he, accompanied by a Mr. Crane, passed their residence and noticed that they were then engaged in converting pine bolts into boards on the roadside, a short distance therefrom; and knowing that defendants owned no pine timber at all he became suspicious of their possession of the bolts; that subsequently he

and Crane again visited defendants' place, or near thereto, and while squirrel hunting in the woods discovered the stump of the tree from which he is certain the bolts he previously saw in defendants' possession were made. He says this discovery was made about the 13th or 14th of February (in one place in the note of evidence this date is given as 13th or 14th of January); and that he is certain the tree had not been cut for more than thirty or forty days. On or about March 2d, Kees again went to this stump, accompanied by one Jack Parhams, and they both say that they were able to follow wagon tracks from the stump to an old road, thence across an old field, and on to where the boards were stacked on the roadside near defendants' home. Kees took no further action about the boards until he met defendant Cornwell in Olla, some twenty miles from the latter's residence, one day in October, according to Cornwell, but in September, according to Kees, and at that time he says that he told Cornwell the tree from which the boards were made was taken from plaintiff's land, and Cornwell then stated he did not claim the boards as they belonged to defendant Stewart, his son-in-law. Cornwell denies making such a statement to Kees. The boards were immediately thereafter moved by wagon by Cornwell from his farm in the hills to a new farm he was developing on Bayou Bushly, some fifteen miles distant, where they were seized by the sheriff in latter part of November.

Cornwell testified that the boards sequestered were made by him in July, 1932. His testimony on this score is corroborated by two or three other witnesses; and Crane, who was with Kees, testified that it was prior to November 30, 1932, when he and Kees saw defendants riving the boards on the roadside. He fixed the time by reference to the date he purchased a farm on the Ouachita river north of Harrisonburg. The farm was bought November 30th and he is certain he and Kees made their first trip by defendants' place prior to that date. Kees says Crane is in error as to this date. Crane also testified that he was unable to follow the wagon tracks continuously from the stump to the pile of boards near defendants' home. It was in the winter season and considerable rain had fallen during the time in question. If plaintiff and his witnesses are not in error in saying the sequestered boards were made in July, 1932, and if Kees is correct in saying the tree had not been cut down more than forty days on March 2d, then it is certain the

\*Rehearing denied January 9, 1935.

boards were not made from the tree Kees found cut down.

It is shown that Cornwell regularly kept on his farm many thousand pine boards which were used from time to time as needed.

Aside from some suspicious circumstances in the case, the only evidence in the record tending to fasten responsibility upon defendants for cutting the tree down and converting it into bolts and then into boards is the testimony of Kees and Parhams that the wagon tracks were traced from the stump to the spot where the boards were made. When we take into consideration that over six weeks elapsed from the time Kees says the boards were made to the time he followed these tracks, and that considerable rain fell during this period, and that the land between the stump and defendants' farm is broken and hilly, the probative weight of such testimony is materially reduced. Other wagons, than the one on which the bolts were hauled, doubtless traveled over some part of the route.

We agree with the trial judge that plaintiff's case has not been made out, and the judgment appealed from is affirmed with costs.